May it please the court, good morning. I'm in Indira Casilla in Tucson, Arizona. I represent the parents of Ms. Michaela Ventura. With permission of the court, I'd like to reserve two minutes for rebuttal. Keep your eye on the clock, we'll try to help you. Thank you. Your Honor, Ms. Ventura is asking the court to reverse the conviction and remand with instructions to dismiss the indictment. The principal issue that I'd like to address here deals with 28 U.S.C. section 636 dealing with the authority of the magistrate to order a release of the material witness over the objection of the defendant as a fact in this case, the magistrate erred as the district court hearing recognized by failing to grant the stay. Castillo, I have a question about that Are you saying the magistrate judge lacks the statutory authority to release a material witness? Or are you saying that in this case, it was error? In this case, it was error, Your Honor, because of the fact that there was an objection. And well, but I'm trying, the statutes are rather clear, I think, when you look at them in the aggregate that the magistrate judge is given the statutory power as a judicial officer to either order a material witness detained or to release that witness. So are you, so in general, a magistrate judge can do this. Do you agree? Yes, Your Honor. So it's your argument is that he couldn't or she couldn't in this case, because it turns out in your view to be a dispositive order? That, Your Honor, and it was not a pretrial matter for which the court had jurisdiction, the magistrate had to write a report and recommendation if it was a dispositive matter, in order to allow the article three judge to review it. Without that review, that portion of the statute would be meaningless. So well, except there's another statute, the Bail Act expressly says that a judicial officer can can detain or release a material witness. And it defines judicial officer as including magistrate judges. So I'm trying to figure out why you think the judge wouldn't have that power. But even under the Bail Reform Act, Your Honor, we're not saying that the magistrate doesn't have the power. The magistrate doesn't have the authority under 636 Bail Reform Act under Rule 59 to hear the matter. It can be properly referred if it's a pretrial matter. But the point is, when we start talking about whether or not the evidence is going to be available to the trial, when we start talking about whether or not the evidence is going to be admissible at trial, then the magistrate no longer has that authority under 636. Because at that point, it becomes a structural issue. Well, let's assume for a moment that you're right, just for purposes of our discussion. What I am puzzled about in this case is what prejudice your client faced by not having a material witness present at trial. Because you had the opportunity to take depositions, to ask any questions you wanted. When your client went to trial, she didn't present any evidence at all. So will you please tell us, tell the court, what the material witness would have said or could have been contradicted on that would have had any influence whatsoever on the outcome of this case? My client proceeded to trial, and that was the purpose of going to trial in this case. With respect to prejudice, your honor, and the prejudice issue under the violence whenever null analysis, our argument is that we filed the motion to suppress prior to the process of litigating this case. After the video depositions, but in preparation for the suppression hearing, we were provided two reports, two amended reports by the government, one by Santiago Esteban, one by Officer Moro. Those statements that indicated that the material witness said that he was from the area and that he was a U.S. citizen were not available to us in order to prepare for the suppression hearings, nor to present that evidence at trial. And those go key to guilt or innocence, your honor, and issues that should have been available to us to present at trial, but were not because of the fact that government deported the material witness before we had an opportunity to address those issues at trial. Let's assume for a moment that the material witness were here right now, and the trial had not occurred. What would you ask? What could you possibly ask that would have addressed the question that you've just discussed that would have had any outcome, any impact on the outcome of the case? Certainly, the material witness's response to a full confrontation and cross-examination in the context of a trial is prejudice. That opportunity to talk to the witness, to be able to ask him whether or not he said he was a U.S. citizen, whether or not he said that he was around the area or from around the area, is information that would be prejudicial if not presented to a jury where they could assess credibility. Do you agree that in this case, though, there was a substantial amount of evidence that was presented that was more than enough to convict your client, whatever the material witness would have said, in answer to your question? Your Honor, I would disagree as my client being the passenger, but I think what's important, too, to realize here, Your Honor, is that we're talking about an individual's right to have an Article III judge have the last word with respect to availability of evidence at trial. Well, with respect, though, as I think my colleague pointed out here, it's pretty clear under the case law and the statutes that a magistrate judge has the right to release a material witness. You're claiming that in this case, because there was a finality to it, I gather, that the R&R had to be sent to the district judge and that was required before he could go forward. But if you're wrong about that, you still get back to the prejudice question, do you not?  Your Honor, if it's a constitutional violation and my client had the right to have an Article III judge make a final determination, no different than whether or not it's during selection, like in Gomez, or if it's an opportunity to have a probation violation hearing held before an Article III judge, this is no different as to determine whether or not a witness is going to be placed outside the jurisdiction. And even under the Bail Reform Act, and whether or not a magistrate can release a witness, you still have the right to the review. And if you don't, that provision within 636 is completely spoofless. Well, that's a separate argument, isn't it? You had the right to review and you got to appeal the order to the district judge. Your complaint is that the government, in effect, mooted it by deporting the witness before you got to the judge. So it seems to me the question of the magistrate judge's power and your ability to appeal it are separate from whether the government did something wrong by deporting the witness before Judge Marquez could consider your appeal. Is that fair? At this point, I'd like to go ahead and reserve the rest of my time. You can do that. Well, Judge Hurwitz will want you to answer his question, but we'll give you a minute to think about it. And then you come back and respond to that. So I have a few. And you'll have a question too. Okay. Very good. Okay, Mr. Hopkins, please. Thank you, Your Honor. Brian Hopkins for the United States. May it please the court. The United States is asking this court to affirm the judgment and sentence. The district court did not commit error in denying the defendant's motion to dismiss as the magistrate judge has explicit statutory authority under 28-636A to order the release of the defendant. Well, 636A doesn't talk about material witnesses, does it? No, Your Honor. Well, 636A... So the authority is not explicit under 636A. It may be explicit under the Bail Reform Act. But 636A cross-refers to a statute that talks about trial, doesn't it? Not material witnesses pretrial. 636A, too, references the Bail Reform Act, which references the material witness statute 3144, and by the definition... And 3144 is the material witness statute at trial? That's correct, Your Honor. You can infer it, but it's not explicit. Yes, Your Honor. It is, by the totality of the statutory construction, we would... It's definitely an inference, but it's an authority that the magistrate judge clearly has by the statutory construction. And secondly, I'll just respond to my friend's argument. This court doesn't need to reach to the filing a report and recommendation. That's under subsection D of the Magistrate Act. If this court finds under subsection A, it has that authority. It doesn't even need to get to that. But do you agree that... Do you agree? Because I want to get back to the last point. Do you agree that Ventura had a right to appeal the magistrate judge's release order to the district court? No, Your Honor. The defendant, under the statutory construction, once the deposition has occurred, which did happen in this case, the statute says that the witness shall be released absent a showing to prevent a failure of justice. Okay, so Ventura says to the magistrate judge, don't release the person for various reasons. The magistrate judge says, no, I'm going to release the person. Can Ventura appeal that ruling to the district judge? Yes, Ventura can appeal that. Ventura attempted to do so, and in effect, the government mooted that appeal by deporting the witness while the appeal was pending. So can you address that? That strikes me as... The reason that we're here is that had the district judge considered that appeal, she would have either said yes or no, and we would have had a record from the district judge to proceed on. But you mooted the appeal by deporting... Not you, but the government mooted the appeal by deporting the witness. Is there something wrong with that? No, Your Honor. The government acted within the normal course in these cases, and most importantly, pursuant to the magistrate judge's order to release the witness from the custody of the Department of Justice to the custody of the Department of Homeland Security for return to his country of origin. So the government had no other choice but to comply with the enforceable order of the magistrate judge. And there was no stay in place. And as the record demonstrates, the potential of a stay, the possibility of a stay was discussed in front of the magistrate judge on December 7th, 2017, right immediately after the video deposition. And the magistrate judge even said to the defendant, if you want to stay, you can file something with the district court. But there was an appeal four days later, and everyone knew that this witness was going to be deported to Guatemala once he was removed from the custody of the Department of Justice, pursuant to the order. So it's argued that they should have gone to the district court more quickly? Well, not only that, that they should have asked for a stay of the magistrate's order from the district court, which is not what happened. The only thing that happened- Well, by the time they got to the district court, the witness had been deported, had he not? The witness was not deported until December 15th, I believe. They filed their appeal on December 11th. Okay, that's what I was asking. So there was still time to ask the district court to stay the order? Correct. Okay, thank you. And secondly, Your Honor, the appeal should be denied because under well-established case law from this court in the Supreme Court, it's the defendant's burden to establish both bad faith and prejudice in order to prevail on her claim here. And the defendant fails on both in this case. It's not bad faith for the government to comply with an enforceable order from the magistrate judge to release a witness from the custody of the Department of Justice to Homeland Security for the commencement of immigration proceedings, which is what happened. And two, the appellant fails to establish prejudice throughout this case. And there simply is not a record that there is material evidence that the material witness would have been able to provide after the video deposition that would have been favorable and affected the outcome of the trial. Are you saying that Ventura's counsel, in order to establish a prejudice, would at the least have had to make some kind of a proffered indicating what was going to be hopefully received from an appearance at a trial? And questions could have been asked that would reduce certain results. Is that what you're saying? Your Honor, I'm not necessarily saying that it has to be what form the showing has to take, but the defendant has to be able to make a showing in some way of what the prejudice is. A proffer certainly would be one avenue. And I believe that in a footnote to Valenzuela Bernal, the Supreme Court discusses the possibility of using a proffer. But there has to be something from the record of the case as a whole, I would submit for the defendant to be able to establish in ways that she was prejudiced to the extent that it could have affected the outcome of the trial. And the defendant fails to meet both bad faith and prejudice in this case, Your Honor. And with that, Your Honor, unless there's any other questions from the panel, I will conclude. Any questions, Colleen? All right, I guess we're all set, Mr. Governor, so we'll go back to Ms. Serena. Let me give my colleague an opportunity to ask her questions, and then she can make additional presentations. I think, Judge Royal, you had a question you wanted to ask? Sure, I have two questions. I'm a little bit confused about what you said at the beginning. Are you abandoning your Fifth Amendment due process claim related to bad faith or not? You haven't said anything about it. And I can't tell whether you're giving up on that one or whether you're pursuing it. No, sir. We're not abandoning it. But with respect to that, I would like to note that, as a matter of fact, the government failed to plead a harmless error analysis in its response. With respect to prejudice, as I stated previously, these cases, very seldom is a defendant able to establish prejudice in such cases, only where it's apparent to the government. Usually, I think I can only think of one case that is similar where bad faith was found. I'm sorry, it's not even similar. It's the Moreira-Zaragoza case when we're talking about videotaped court of entry that was destroyed by the government. But what is similar, Your Honors, is the fact that the government was aware this evidence was sought and there was a duty to preserve such evidence. There's a duty to allow a defendant to present his or her evidence at trial in the way that she deems fit. And that was not permitted here. And that's why, in this case, the error by not allowing the defendant to have review is error that is structural and impacts the fundamental framework of the trial itself. Oh, wait a minute. You're claiming structural error here? Yes, Your Honor. I think that is appropriate. When you look at Gomez and you look at this case, I do believe that that is essentially the error. You did get to depose the witness, right? We did. However, we did not get an opportunity to have the Article 3 judge determine whether or not that individual was going to be available for trial. Right. So that's what I wanted to get to. That was the question we ended with. And that's why I asked Mr. Hopkins about this. Did he have the sequence right? The magistrate judge said, I'm going to release, I'm going to order the witness released. If you want to stop that, go get a stay from the district court. And you filed your appeal on the 11th, but the witness wasn't released until the 15th. Is that sequence correct? Your Honor, to an extent. The appeal was filed and I failed to ask for the district court to stay the order releasing due to lack of my experience in this context. But I did object to the failure of the magistrate to grant the stay. And I also think I believe that I have the right to depend on the government to act in good faith. And knowing that there's an appeal pending before the district court, they have a duty to act on that in good faith. Did they not say though that this witness had been confined for quite some time? A material witness is not charged. I thought the magistrate judge was concerned. It was unfair to the material witness to continue to confine him. Doesn't that have some relevance here? Well, to some extent, Your Honor. But what the defendants did request was to roll the material witness in so that we could conclude our investigation. Now we're talking about going essentially to trial within 45 days. And that's what a material witness is. Okay. I think the time is up. Let me ask my colleagues. Do either of you have additional questions? Yes, I have. I have at least one more. What about your sentencing claim? Are you abandoning that or are you pursuing it? Just submitted on, Your Honor. We believe that she was entitled to acceptance of responsibility. She clearly was trying to preserve this issue for appeal, trying to raise, did not raise the defense, and submitted in order to be able to present this to the court today. All right. Thank you. Another question. Were you told by the magistrate judge that you could ask for a stay from the district court judge? Not to my recollection, Your Honor. She said that I could file something and I filed the appeal, believing that that would be sufficient for the government. I don't have anything further. Judge Hurwitz, anything further from you? No, no, I don't. Thank you for the argument. Thanks to both counsel for their argument. The case of United States versus Ventura is submitted. And the court stands in recess for the day.
judges: M. Smith, Jr., Hurwitz, Royal